Alice H. Ware, - SBN CA 102428
LAW OFFICE OF ALICE H. WARE
6930 Destiny Drive, Suite 700
Rocklin, CA 95677
Ph: 916-781-3355

Attorney for Lawrence Allan Gray and Sherry Lynn Gray'

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| In Re: | Case No. 2011-43025 |
|---|---|
| LAWRENCE ALLAN GRAY | Hearing Date: November 8, 2011 |
| | Hearing Time: 9:30 a.m. |
| | Courtroom 35 - Dept C |
| SHERRY LYNN GRAY | Honorable Christopher M. Klein |
| | Docket Control No.: AHW-01 |
| Debtor' | |

## MOTION TO COMPEL THE TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN REAL AND PERSONAL BUSINESS PROPERTY

Alice H. Ware, of Law Office of Alice H. Ware, on behalf of Lawrence Allan Gray and Sherry Lynn Gray, the Debtors herein, hereby moves this Court for an Order Compelling the Trustee to Abandon the Estate's interest in Real and Personal Business Property. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on September 23, 2011. John R. Roberts was duly appointed to serve as the Trustee in this case.

2. This motion is brought pursuant to 11 U.S.C. §554(b) and Rule 6007 of the Federal Rules of Bankruptcy Procedure.

3. As shown Schedule A (Exhibit 1) of the filed schedules of this case, the Debtors have an interest in the real property commonly-known as 3953 Rollins Way in Antelope, CA 95843 (hereinafter, the "ASSET"). A copy of schedule A, Exhibit 1, is shown in the

concurrently-filed Exhibits and is incorporated herein by reference. The Debtors believe and assert that the reasonable, fair-market value of the ASSET is **$100,000.00** .

4. This asserted value is based on the opinion of the Debtors. The Declaration of the Debtors in support of this value is filed concurrently with this Motion and incorporated herein by reference.

5. As shown in Schedule D, Exhibit 2, of the filed case, Wells Fargo Hm Mortgage, Wells Fargo and Consolidated Utilities Billing Service hold valid security interests in the ASSET. A copy of schedule D, Exhibit 2, is shown in the concurrently-filed Exhibits and is incorporated herein by reference.

6. The Debtors further believe and assert that the present balance owed by the Debtors to these creditors aggregate **$165,090.00**.

7. As shown in Schedule C, Exhibit 3, of the filed case, the Debtors have not claimed an exemption in this ASSET. A copy of Schedule C, Exhibit 3, is shown in the concurrently-filed Exhibits and is incorporated herein by reference.

8. In summary

    Value of ASSET ................................................................................$100,000.00

    Less: Creditor liens ............................................................................$165,090.00

    Adjusted Equity ..................................................................................$-65,090.00

    Less: Exemption claimed ...................................................................$    .00

    Net Equity...........................................................................................$-65,090.00

9. As shown in the filed schedules of this case, the Debtors also operate a business, Quality Care. Said business is located at 3953 Rollins Way in Antelope, CA 95843.

10. The Debtors' tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedule A, Exhibit 1, and Schedule B Exhibit 4, are attached hereto

and incorporated hereto by this reference. The business assets in this case consist of company name only no other assets. The Debtors have placed values on these assets in the aggregate total of $ 1.00.

11. As shown in Schedule D, Exhibit 2, attached hereto and incorporated herein by this reference, the Debtors assert that no Creditors hold any liens against the BUSINESS ASSETS.

12. As shown in Schedule C, Exhibit 3 attached hereto, the Debtors have claimed exemptions totaling $ 1.00 against the values of the BUSINESS ASSETS.

13. In summary
   a. Gross value of BUSINESS ASSETS ...................................................................$ 1.00
   b. Liens against the BUSINESS ASSETS..........................................................-$ .00
   c. Gross Equity ...................................................................................................$ 1.00
   d. Exemptions claimed on the BUSINESS ASSETS.......................................-$ 1.00
   e. Net value of BUSINESS ASSETS to the estate............................................$ .00

14. The Debtors assert that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors.

15. Pursuant to §554(b) of Title 11 US Codes[1], the Court may order the Trustee to abandon the estate's interest in assets of the estate.

16. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

---

[1] 11 US Codes, §554(b): "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Motion to Abandon Real Property      3

17. Based on the foregoing and the Declarations filed herewith, the Debtors assert that the value of the estate's interest in the ASSET is $0.00.

## RESTATEMENT

WHEREFORE, the Debtors move the Court to compel the Trustee to Abandon the estate's interest in these ASSETS.

Respectfully submitted on October 5, 2011.

/s/ *Alice H. Ware,*
Alice H. Ware,
LAW OFFICE OF ALICE H. WARE
6930 Destiny Drive, Suite 700
Rocklin, CA 95677